## JOHN DENTON V. THE STATE.

No. 20845. Delivered February 14, 1940.

The opinion states the case.

*Guy Bonham,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the theft of property under the value of fifty dollars, and sentenced to a term of ninety days in jail.

There are but two bills of exception in the record. Bill No. 1 complains because the witness John Gray was asked whether a certain witness, a special officer or nightwatchman, had told him anything about an automobile which it was claimed was parked near where this stolen property was taken, just prior to its taking. The witness answered that he had obtained certain information from such night-watchman, and was given the license number by the watchman, and, over appellant's objection, he said that he went and looked up the number of the car in the tax collector's office. It will be noticed that he testified no further, however, as to what the records in the tax collector's office showed. This bill does not reflect any error, so we think.

Bill No. 2 complains because of the witness Winningham, the watchman, testifying that he saw the car which was parked in the vicinity of where the stolen property was first taken, and that he gave the number of the car to the sheriff and the owner of the stolen property. The only objection to such testimony shown in the bill is that the question was leading. We see no error shown therein.

There are no further bills nor other matters called to our attention, save the sufficiency of the testimony. It appears therefrom that Mr. Yturri owned a steam pump located along the San Antonio river. That same was used often, and was seen by him every day or so. That just prior to its being taken a car belonging to appellant was noticed parked nearby. That on December 1, 1938, appellant sold this pump to one F. J. Van Delden for $12.50 and ten gallons of gasoline, appellant making the statement at such time that he was selling this pump for one John Collins. Collins did not testify, but Mrs. Pipkin testified that she heard a conversation between Collins and appellant wherein Collins desired to borrow appellant's car for the purpose of taking Collins' wife somewhere out in town. Thereafterwards, on that night, appellant and his wife, as well as Mrs. Pipkin, claim that the car was back at home with this pump in the back part of it.

This case was tried before the court without the intervention of a jury, and appellant underwent a rigid cross-examination which probably weakened the strength of his testimony, as well as that of his witnesses, who were somewhat confused as to dates, but who remained steadfast as to occurrences. The court, with a knowledge of the law, doubtless gave full force to the doctrine of circumstantial evidence; he also had the benefit of seeing the witnesses and observing their demeanor upon the stand, and arrived at a satisfactory conclusion to himself of the appellant's guilt, and we do not feel inclined to disturb the same. Undoubtedly appellant's bad previous record may have affected his credibility as a witness before the court, and much of his testimony was probably discarded.

The judgment is affirmed.